IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT R. MEADES,                :
                                 :
             Petitioner,         :
                                 :
      v.                         :     Civil Action No. 20-229-RGA
                                 :
ROBERT MAY, Warden, and          :
ATTORNEY GENERAL OF THE          :
STATE OF DELAWARE,               :
                                 :
             Respondents.        :

---

## MEMORANDUM OPINION

Robert R. Meades. *Pro se* Petitioner.

Matthew C. Bloom, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

August 2, 2022
Wilmington, Delaware

*/s/ Richard G. Andrews*
ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Robert R. Meades is an inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 3) The State filed a Motion to Dismiss the Petition as time-barred. (D.I. 23) Petitioner filed a Motion for Summary Judgment (D.I. 20) and a Motion to Amend (D.I. 21), which the Court construes to be Petitioner's Response in opposition. (*See* D.I. 22). For the reasons discussed, the Court will grant the State's Motion to Dismiss, and deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I.    BACKGROUND

On January 29, 2011, Petitioner robbed a bank in Millsboro, Delaware. (D.I. 17-3 at 2) Video surveillance showed Petitioner confronting two bank tellers while brandishing a knife. (*Id.*) Petitioner was apprehended while fleeing the robbery in his car, and the knife was found in his pocket. (*Id.*) A subsequent search of his car revealed the gloves worn in the robbery, covered with red paint from the exploded dye pack in the money bag taken from the bank. (*Id.*) After being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), Petitioner confessed to committing the robbery and brandishing a knife while confronting two tellers. (*Id.*)

On January 4, 2012, Petitioner pled guilty to two counts of first degree robbery and one count of possession of a deadly weapon during the commission of a felony ("PDWDCF"). (D.I. 23 at 1) The Delaware Superior Court sentenced Petitioner on March 9, 2012 to a cumulative sentence of seventy-five years in prison, suspended after seventy years for five years of probation. (D.I. 17-14 at 13-14) Petitioner did not appeal his convictions or sentences.

On January 31, 2013, Petitioner filed in the Superior Court a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging that: (1) the Superior Court failed to conduct a proper competency inquiry and accepted Petitioner's guilty plea while he was under the influence of psychiatric medication; and (2) defense counsel provided ineffective assistance by permitting Petitioner to enter a guilty plea while he was under the influence of psychiatric medicine. (D.I. 17-12 at 5-6; D.I. 17-14) The Superior Court requested and received an affidavit in response from Petitioner's defense counsel. (*See* D.I. 17-13) The Superior Court denied the Rule 61 motion on April 29, 2013, (D.I. 17-14), and Petitioner did not appeal that decision.

On September 17, 2015, Petitioner filed a second Rule 61 motion, alleging: (1) his guilty plea was involuntary because he was under the influence of psychiatric medication when he entered the plea and because of his lifelong struggle with addiction; (2) his attorney was ineffective because she knew Petitioner could not comprehend anything; (3) the Superior Court violated his due process rights by permitting him to enter a guilty plea while mentally incompetent; and (4) the fact that Petitioner was incompetent when he confessed rendered his confession involuntary. (D.I. 17-17; 17-18 at 1-2) The Superior Court summarily dismissed the second Rule 61 motion under Rule 61(i), explaining that the motion "comes too late; [] is repetitive; [] raises issues previously adjudicated; and [] does not address why the confession issues were not raised in [Petitioner's] first motion." (D.I. 17-18 at 2-3) Petitioner did not appeal that decision.

Petitioner filed a third Rule 61 motion on June 7, 2019, alleging that: (1) the Superior Court failed to conduct a competency hearing to determine whether Petitioner knowingly pled

2

guilty; and (2) Petitioner was incompetent at all relevant times, as evidenced by his treatment and stay at the Delaware Psychiatric Center. (D.I. 17-25) The Superior Court summarily dismissed the third Rule 61 motion on August 26, 2019 as successive under Rule 61(d)(2), because Petitioner was convicted after entering a guilty plea and not after a trial. (D.I. 17-26 at 2); *State v. Meades,* 2019 WL 4034352, at *1 (Del. Super. Ct. Aug. 26, 2019). The Delaware Supreme Court affirmed that decision. *See Meades v. State,* 223 A.3d 416 (Table), 2019 WL 6358701 (Del. Nov. 26, 2019).

Petitioner filed the instant Petition in February 2020, which asserts the following grounds for relief: (1) Petitioner did not knowingly and voluntarily enter a guilty plea because he was housed at the Delaware Psychiatric Center and under the influence of psychiatric medication during his plea colloquy; (2) defense counsel provided ineffective assistance by "permitting and continuously advising [Petitioner] to plea[d] guilty while [he] was in a medicated state of mind" (D.I. 3 at 8); and (3) the Delaware Superior Court did not conduct a competency hearing to determine "Petitioner's psychological state of mind or if he completely understood the court process" (*Id.* at 10). The State filed a Motion for Leave to File a Motion to Dismiss. (D.I. 16) In response, Petitioner filed a Motion for Summary Judgment (D.I. 20) and a Motion to Amend Motion for Summary Judgment (D.I. 21). Based on the assertions contained therein, the Court construed Petitioner's Motion for Summary Judgment and Motion to Amend Motion for Summary Judgment as a Response in Opposition, and granted the State permission to file the Motion to Dismiss.[1] (D.I. 22) The State's Motion to Dismiss is ready for review.

---

[1]Petitioner has filed a Notice of Appeal from the Court's Order granting the State permission to file a Motion to Dismiss, and the appeal is still pending before the Court of Appeals for the Third Circuit. (D.I. 24) Petitioner's pending appeal does not divest the Court of jurisdiction to review the instant Petition pending before the Court; the Court's order granting the State permission to

## II.     ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). Therefore, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

---

file its Motion to Dismiss is not a final or appealable collateral order. *See Christy v. Horn*, 115 F.3d 201, 203-04 (3d Cir. 1997); *see also In re Glenn W. Turner Enters. Litig.*, 521 F.2d 775, 781 (3d Cir. 1975) (holding that interlocutory orders are not immediately appealable); *Stephens v. Muncy*, 918 F.2d 174 (4th Cir. 1990) (dismissing appeal of order granting leave to file motion to dismiss).

4

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins to run upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999). In this case, the Superior Court sentenced Petitioner on March 9, 2012. Since Petitioner did not appeal that judgment, his conviction became final on April 9, 2012, when the time to appeal expired.[2] Applying the one-year limitations period to that date, Petitioner had until April 9, 2013, to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until February 18, 2020,[3] almost a full seven years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner demonstrates a convincing claim of actual innocence excusing his untimely filing. The Court will discuss each doctrine in turn.

---

[2]The thirty-day appeal period actually expired on April 8, 2012, which was a Sunday. Therefore, the appeal period extended through the end of the day on April 9, 2012. *See* Del. Sup. Ct. R. 11(a).

[3]Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date). Therefore, the Court adopts February 18, 2020 as the date of filing, since that is the date on the Petition and also the date on which the Petition was electronically filed.

5

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id.* at 424. The limitations period, however, is not tolled for the ninety-day period during which a petitioner may file a petition for certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The limitations clock in this case started to run on April 10, 2012, and ran for 296 days until Petitioner filed his first Rule 61 motion on January 31, 2013. The Superior Court denied the Rule 61 motion on April 29, 2013, and Petitioner did not appeal that decision. Consequently, the first Rule 61 motion tolled the limitations period from January 31, 2013 through May 29, 2013, which includes the thirty-day appeal period.

The limitations clock started to run again on May 30, 2013, and ran the remaining sixty-nine days without interruption until the limitations period expired on August 7, 2013. Petitioner's second and third Rule 61 motions do not statutorily toll the limitations period, because both motions were filed after August 7, 2013. Accordingly, the instant Petition is time-barred, unless equitable tolling applies or Petitioner establishes a gateway claim of actual innocence.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).

Petitioner asserts that the limitations period should be equitably tolled under *Martinez v. Ryan*, 566 U.S. 1 (2012) because the Superior Court did not appoint counsel to represent him in his first Rule 61 proceeding. (D.I. 3 at 15) This argument is unavailing. By its own terms, the *Martinez* decision provides a petitioner with an opportunity to overcome a procedural default of an ineffective assistance of trial counsel claim, but does not in any way impact a petitioner's obligation to comply with AEDPA's limitations period. Additionally, a petitioner's *pro se* status does not constitute extraordinary circumstances for equitable tolling. *See Ross*, 712 F.3d at 799-800.

Petitioner does not assert that any other alleged extraordinary circumstance prevented him from timely filing the instant Petition. Notably, Petitioner's allegations about his mental

7

illness and alleged incompetency focus on the time at which he entered his guilty plea. Petitioner does not assert that his mental illness, legal incompetence, or past custody in the Delaware Psychiatric Center prevented him from complying with AEDPA's one-year limitations period.[4] To the extent Petitioner's late filing was due to a mistake or miscalculation of the one-year filing period, such a mistake does not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Thus, the Court concludes that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented.

**C. Actual Innocence**

A credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F.4th at 150-51. A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151. The Supreme Court and the Third Circuit have not defined "new evidence" in the context of the actual innocence gateway. Although the Third Circuit has "suggested that new evidence generally must be newly discovered" and "unknown to the defense at the time of trial," this definition of "new evidence" does not apply when the "underlying constitutional violation claimed is ineffective assistance of counsel premised on a failure to present such evidence." *Reeves v. Fayette SCI*, 897 F.3d 154,

---

[4]In contrast, Petitioner's third Rule 61 motion alleged that Petitioner's continued medicated state affected his ability to pursue his state collateral motions in a timely manner. (D.I. 17-25 at 4) The Court notes, however, that Petitioner, acting *pro se*, did actually file a timely first Rule 61 motion (*See* D.I. 17-14 at 1), and his third Rule 61 motion was summarily dismissed as successive under Rule 61(d)(2), not for being time-barred. (*See* D.I. 17-14 at 1; D.I. 17-26)

8

164 (3d Cir. 2018). Instead, "when a petitioner asserts ineffective assistance of counsel based on counsel's failure to discover or present to the fact-finder the very exculpatory evidence that demonstrates his actual innocence, such evidence constitutes new evidence for purposes of the *Schlup* actual innocence gateway." *Id.*

In this case, Petitioner does not allege that he is actually innocent. To the extent the Court should construe Petitioner's argument that he was mentally ill and incompetent to enter a guilty plea at the time of his plea colloquy as a convoluted attempt to trigger the actual-innocence equitable exception to AEDPA's limitations period, his attempt is unavailing. Courts that have considered the issue have found that a petitioner's allegation of incompetency to enter a guilty plea does not state a claim of actual innocence for purposes of the actual innocence gateway exception, because a petitioner's mental state at the time of a guilty plea does not bear on his mental state at the time of the crime. *See Williams v. Covello*, 2021 WL 6551280, at *7 n. 7 (C.D. Cal. Dec. 15, 2021) (collecting cases). Thus, the Court concludes that Petitioner has not presented a convincing gateway claim of actual innocence sufficient to excuse his untimely filing.

Accordingly, the Court will dismiss the Petition as time-barred.

### IV.    PENDING MOTION

Petitioner filed a second Motion for the Appointment of Counsel (D.I. 19) after the Court denied his first request for counsel. (D.I. 5; D.I. 8) Having determined that Petitioner's § 2254 Petition should be dismissed as time-barred, the Court will dismiss as moot his Motion for the Appointment of Counsel.

### V.    CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition is time-barred. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## VI.     CONCLUSION

For the reasons discussed, the Court will grant the State's Motion to Dismiss and dismiss the Petition as time-barred. Additionally, the Court will dismiss as moot Petitioner's Motion for the Appointment of Counsel. An appropriate Order will be entered.